Mr. A.L. Lockhart, Director Department of Correction P.O. Box 8707 Pine Bluff, AR 71611-8707
Terry Yamauchi, M.D. Director, Arkansas Department of Human Services Division of Mental Health Services 4313 West Markham Little Rock, AR 72205-4096
Dear Mr. Lockhart and Dr. Yamauchi:
This is in response to your request for an opinion on whether the Department of Correction may legally transfer an inmate to the Arkansas State Hospital at the request of a third party. You state in your request that the transfer would not be based on the individual's need for treatment because he is currently receiving mental health treatment within the Department. In my opinion, the Department of Correction is not authorized to transfer an inmate to the State Hospital under these circumstances.
The Arkansas Department of Correction was created in part to provide for the custody, treatment, rehabilitation, and restoration of adult offenders as useful law-abiding citizens within the community. See A.C.A. § 12-27-101(a)(1) (1987). The Department is given exclusive jurisdiction over the care, charge, custody, control, management, administration, and supervision of all persons and offenders committed to, or in the custody of, the state penitentiary. A.C.A. § 12-27-103(b)(1) (1987). These provisions entrust the Department of Correction with the general custody and care of all persons committed thereto. Pursuant to this duty, the Department has ensured that it will provide inmates with access to adequate health care, including treatment for mental illness, and has developed a comprehensive Mental Health Services Program, designed tomeet the mental health needs of the state's prison inmates. See Ark. Dept. of Correction Administrative Regulation No. 833 (3/30/90) and Ark. Dept. of Correction, Mental Health Services Policy Procedure Manual (1991). In addition, the Department of Correction is authorized to develop in-house procedures for the transfer of mentally ill inmates to the Arkansas State Hospital for the treatment of mental illness. See A.C.A. § 12-29-405 (1987). Such procedures must be in accordance with United States Supreme Court guidelines regarding such transfers and approved by the Board of Correction. A.C.A. § 12-29-405(a) (1987). The State Hospital shall retain custody of and treat mentally ill inmates transferred from the Department of Correction for as long as the State Hospital deems necessary to properly treat the inmates until they can be maintained in existing treatment programs in the Department of Correction. A.C.A. § 12-29-405(b) (1987).
While the Department apparently has not developed specific procedures regarding the transfer of inmates to the State Hospital pursuant to this authority, it must be noted that §12-29-405 appears to contemplate transfers when an inmate cannot be "maintained in existing treatment programs in the Department." In my opinion, any transfer of inmates from the Department of Correction to the State Hospital must be in accordance with §12-29-405.[1] Accordingly, in the situation at hand, where a determination has been made that a transfer is not necessary for treatment purposes, it is my opinion that the Department has no authority to transfer the inmate to the Arkansas State Hospital. Inmates are committed to the Department of Correction by court order and aside from the general release of an inmate upon the completion of his sentence or upon his being granted a pardon or parole, the Department's authority to release inmates is extremely limited. See, e.g., A.C.A. §§ 12-28-601 to -606 (Supp. 1989), the Prison Overcrowding Emergency Powers Act.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
cc: Jan Thames
Deputy Director, Division of Mental Health Services
[1] We also point out that persons under commitment to the Department of Correction who have been charged with an offense in circuit court and need a mental examination or evaluation may not be examined by mental health personnel of the Department and could presumably be evaluated at the State Hospital. See A.C.A. § 5-2-305(j) (Supp. 1989).